## 34158. KRAUSE et al. v. CITY OF BRUNSWICK et al.

Hill, Justice.

Herman Krause and four other citizens, residents and taxpayers of Glynn County, brought this suit against the City of Brunswick, the County of Glynn, and the State of Georgia, complaining about the collection of tolls at a bridge connecting St. Simons Island to the mainland. They sought a declaratory judgment to determine which of the defendants owns the St. Simons causeway and the toll fund which has accrued from the operation of the causeway and toll bridge, and to determine whether any of the defendants are authorized to collect tolls from plaintiffs and the traveling public. They also sought an injunction terminating collection of the tolls, and attorney fees and costs. Each defendant answered, raising numerous defenses.

At a hearing it was shown that the revenue bonds issued by the county in 1949 will be paid in full in early 1979 from funds now on hand and that an additional surplus of $500,000 already exists. Following the hearing, the trial court denied the temporary injunction to stop the collection of tolls and granted the state's motion to dismiss.

Appellants enumerate as error the trial court's dismissal of the state, the trial court's denial of the

temporary injunction to stop the collection of tolls, and the trial court's failure to declare that the causeway is owned by and is the property of the state, not the county or city (appellants contend that the state owns the causeway because it was built upon coastal marshland which is subject to the ebb and flow of the tide; i.e., upon the foreshore of navigable tide-water. *State of Ga. v. Ashmore,* 236 Ga. 401 (224 SE2d 334) (1976); Op. Atty., Gen. 1975 at p. 450).

1. Appellants urge that the trial court erred in denying the injunction to stop the county's collection of tolls. The county argues numerous authorities as the basis of its collecting tolls, including the Revenue Bond Law (Ga. L. 1937, p. 761 et seq., as amended, Code Ann. § 87-801 et seq.). Appellants argue that under the Revenue Bond Law neither the county or city has the authority to collect tolls from the public once the revenue bonds have been paid in full.[1] We do not so read the law. Code Ann. § 87-803 provides that counties and cities have the power "(c) To prescribe, revise, and collect rates, fees, tolls, or charges for the services, facilities, or commodities furnished by such undertaking[2]; and, in anticipation of the collection of the revenues of such undertaking: (1) To issue revenue bonds. . ." The power to collect fees, tolls, or other charges from "undertakings" such as causeways, parking meters, etc., is clearly independent of the power to issue revenue bonds. To hold otherwise would mean that a county could not operate parking meters without a revenue bond issue and could not charge for meter parking after the bonds were paid. We find no error in this enumeration.

---

[1]Appellants argued in the trial court that the toll should be enjoined as a nuisance. Although they have not briefed this issue on appeal, we note that if the collection of tolls is authorized by statute, it could hardly be enjoined as a nuisance in the absence of unusual and extenuated circumstances not present here.

[2](Footnote added.) The word "undertaking" is defined in Code Ann. § 87-802 (a) to include causeways and bridges, as well as parking meters, swimming pools, airports, etc.

2. Appellants argue that the trial court erred in failing to declare that the state owns the causeway. We disagree. The state has not opposed the use of the causeway or the collection of tolls, see Ga. L. 1922, pp. 370, 599; 1924, p. 459. Hence there is no controversy between the state, the county and city as to ownership of the causeway in this litigation. "No facts or circumstances were alleged to show any necessity for a determination of any dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct which is properly incident to his alleged rights and which future action, without such directions, might reasonably jeopardize his interest." *Henderson v. Alverson,* 217 Ga. 541 (123 SE2d 721) (1962).

3. From the foregoing it follows that the court did not err in granting the state's motion to dismiss. The trial court did not err for any reason assigned.

*Judgment affirmed. All the Justices concur, except Hall and Marshall, JJ., who dissent.*

ARGUED OCTOBER 11, 1978 — DECIDED NOVEMBER 22, 1978 — REHEARING DENIED DECEMBER 5, 1978.

*Moreton Rolleston, Jr.,* for appellants.

*Eugene Highsmith, Arthur K. Bolton, Attorney General, Patricia Barmeyer, Assistant Attorney General, Dickey, Whelchel, Miles & Brown, J. Thomas Whelchel, Taylor, Bishop & Lee, Thomas J. Lee,* for appellees.