A97A0933. SAFETY FIRE COMMISSIONER v. U.S.A. GAS, INC.
(494 SE2d 706)

BIRDSONG, Presiding Judge.

After the grant of a discretionary appeal under OCGA § 5-6-35 (a) (1), the Office of the Safety Fire Commissioner, a departmental subdivision of the State of Georgia, and John W. Oxendine, the Safety Fire Commissioner, and Jim Wilson, the Acting Fire Marshal and Chief Assistant Fire Marshal, in their official capacities, appeal the decision of the superior court reversing an order of the Office of Safety Fire Commissioner denying U.S.A. Gas, Inc. a license as a liquified petroleum gas bulk distributor.

In late December 1994, U.S.A. Gas applied for a license to maintain a liquified petroleum gas bulk distribution facility just outside the Dalton city limits in Whitfield County. An engineer with the Safety Fire Commissioner's office reviewed the U.S.A. Gas site plans and indicated that before a license could be issued U.S.A. Gas would have to obtain a fire safety analysis from the local fire department, demonstrate that there was a firm foundation for the gas storage tanks, and the site would have to pass final inspection.

Subsequently, an assistant State Fire Marshal inspected the project site and discovered that the tank was to be built on fill dirt near a creek. For that reason, the assistant fire marshal requested documentation that the foundation would be firm enough to support

a 30,000 gallon container. U.S.A. Gas submitted a soil compaction study for that purpose, but the Commissioner's office found the study to be inadequate because it contained no indication of the soil bearing capacity or a calculation of the foundation and piers.

U.S.A. Gas later submitted additional materials stamped by an engineer, but the Safety Fire Commissioner's office again found it deficient for not relating the soil bearing capacity of the site to the design load of the tank. U.S.A. Gas's engineer believed the soil bearing capacity at the project site to be adequate for the storage tank, but conceded that no comprehensive soil compaction tests had been performed.

With regard to the requisite fire safety analysis, the Whitfield County Fire Department chief observed that since the project site was in a heavily populated area, an explosion would likely result in substantial damage to persons and property. The Chief indicated that the Whitfield County Fire Department could respond to an alarm at the project within ten to twelve minutes, but a large liquified petroleum tank can explode within ten minutes' exposure to fire. Although the City of Dalton Fire Department was closer to the site and could respond in less time and although it had an informal agreement to assist the county fire department, it was not obligated to assist the county in fighting a fire at the site.

Following a hearing on the matter, the Safety Fire Commissioner denied the license based on fire and safety concerns. U.S.A. Gas appealed the matter to the superior court, which found that the denial of the license was not supported by the evidence; found the Commissioner's action to be a nullity and unsupported by any evidence. The superior court then ordered immediate issuance of a license to U.S.A. Gas. This appeal followed. *Held*:

1. The superior court considered the Commissioner's decision to be a nullity, because the proper procedure would have been for the State Fire Marshal to make the initial decision on U.S.A. Gas's application under OCGA § 10-1-266, with the right of appeal to the Safety Fire Commissioner under OCGA § 25-2-10. It appears, however, that the Safety Fire Commissioner decided the application initially, because at the time there was no State Fire Marshal. The Safety Fire Commissioner contends that under the circumstances, inasmuch as the Code authorizes the State Fire Marshal to make the initial decision on a license application but does not make that authority exclusive, the Commissioner has full supervision and control over the State Fire Marshal under OCGA § 25-2-3, and the Commissioner ultimately would make the final administrative decision if appealed under OCGA § 25-2-10, then the Commissioner was authorized to make the initial decision on the license application when there is no State Fire Marshal. See OCGA §§ 25-2-3; 25-2-4; 25-2-5; 25-2-16.

Under the circumstances of this case, we cannot agree with the trial court. In the absence of the State Fire Marshal the Commissioner was authorized to act on this application. If the trial court's reasonings were correct, no business could be transacted by the State Fire Marshal's office in the absence of an appointed State Fire Marshal.

2. We also find that the superior court improperly substituted its own judgment for that of the agency in this case. See OCGA § 50-13-19 (h); *Sawyer v. Reheis*, 213 Ga. App. 727, 728-729 (445 SE2d 837). On appeal, the superior court must affirm an administrative determination where it is supported by "any evidence." The presence of conflicting evidence satisfies the "any evidence" test. *Bowman v. Palmour*, 209 Ga. App. 270 (433 SE2d 380). In the instant case, the fire safety analysis by the Whitfield County Fire Department and the lack of any comprehensive soil compaction tests constituted evidence supporting the Commissioner's findings that the proposed facility did not meet the precautions reasonable and practical to avoid injury to persons from explosion or fire. Although there is evidence supporting the conclusion reached by the superior court, there is other evidence supporting the denial of the license. For example, the evidence is not conclusive on the load bearing capacity of the sub-surface fill dirt on which the tank would rest and witnesses who otherwise testified on behalf of U.S.A. Gas also testified about problems in the fire safety analysis.

Further, even if we were to agree with the superior court and U.S.A. Gas that the procedures employed by the Commissioner were impermissibly flawed, we cannot agree that the proper remedy would be to order the issuance of the license.

3. We also find no support for the trial court's concern about the requirement for a written fire safety analysis. Although it appears that this application was the first time in which a written analysis was required, a fire safety analysis was required by Safety Fire Commissioner Rule 120-3-16.06. We can perceive no harm in requiring that the report be reduced to writing. Indeed, it is hard to comprehend, given the nature of these applications, how an oral report should suffice.

4. We also cannot agree with the trial court's conclusion that OCGA § 25-2-16 (b) is unreasonably vague. In reaching this conclusion the trial court apparently did not consider the rules promulgated by the Safety Fire Commission to implement this Code section as authorized by OCGA §§ 25-2-16; 25-2-4. See Rules of the Safety Fire Commissioner, Chapter 120-3-16. Such a delegation to an administrative agency is authorized. *Brown v. State Bd. of Examiners*, 190 Ga. App. 311 (378 SE2d 718).

5. We also do not find that either the change in the administrative law judge or original administrative law judge's failure to issue a

decision within 30 days as required by OCGA § 50-13-17 (c) warranted the reversal of the Commissioner's decision. We find that the change in the administrative law judge did not prejudice the substantial rights of U.S.A. Gas (OCGA § 50-13-19 (h)) and that the 30-day requirement is directory, not mandatory. *Collins v. Birchfield*, 214 Ga. App. 144, 146-147 (447 SE2d 38). Moreover, as the denial of the application is otherwise supported by the record, we do not find the opposition of the neighborhood to have any significance.

Accordingly, the superior court erred by overturning the decision of the Commissioner and the judgment of the superior court is reversed.

*Judgment reversed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 26, 1997 —
RECONSIDERATION DENIED DECEMBER 12, 1997 —

*Thurbert E. Baker, Attorney General, Brenda H. Cole, Deputy Attorney General, Alan Gantzhorn, Senior Assistant Attorney General, Thomas K. Bond, Assistant Attorney General*, for appellant.

*David G. Archer, Mary F. McCord*, for appellee.

