S99A0311. BAKER v. CITY OF MARIETTA et al.
S99X0314. CITY OF MARIETTA v. BAKER.
(518 SE2d 879)

BENHAM, Chief Justice.

In June 1998, the City of Marietta notified Cobb County that the city had accepted an application for the annexation into the city of approximately 16 acres of real property located in unincorporated Cobb County and zoned by the county as residential property. The

---

notification also informed the county that the petition for annexation and the petition to re-zone the property from "residential" to "office-institutional" and "office-institutional transitional" would be heard at the July 1 city council meeting. In a letter to the city's mayor, the chairman of the county commission objected to the proposed annexation/rezoning and requested that the land use dispute between the city and county be resolved pursuant to the dispute resolution process required by OCGA §§ 36-36-11 and 36-70-24.[1] On July 8, the city annexed and re-zoned the property, effective August 1, without resolving the land use dispute with the county.

On July 9, the county filed a petition seeking declaratory and injunctive relief in the Superior Court of Cobb County. Asserting that the annexation was void because the bona fide land use objection raised by the county had not been resolved, the county asked the trial court for a judicial declaration of the rights and duties of the county and the city under OCGA §§ 36-36-11 and 36-70-24, and an injunction enjoining the city from annexing the property until all land use objections were resolved through a dispute resolution process. The county also asked the trial court to "enjoin and require" the city "to adopt an agreed dispute resolution process as required by OCGA § 36-70-24." In its answer to the county's petition, the city set forth defenses which asserted that the county's claims were void because the statutes on which they were based violated various provisions of the Georgia Constitution.[2] The trial court entered a temporary restraining order enjoining the city from issuing any permits or documents in connection with the re-zoning, and changed the effective date of the annexation ordinance to August 15 or further court order.

At the close of a hearing held on August 5, the trial court orally

---

[1] OCGA § 36-36-11 (a), enacted by the 1998 Georgia General Assembly, defined "bona fide land use classification objection" as "an objection to a proposed change in land use which results in a substantial change in the intensity of the allowable use of the property or a change to a significantly different allowable use." Subsection (b) of the statute states, "On or after July 1, 1998, an annexation shall not be effective until any bona fide land use classification objections raised by the county relative to the area to be annexed are resolved pursuant to the dispute resolution process required by subparagraph (C) of paragraph (4) of Code Section 36-70-24."

OCGA § 36-70-24 (4) (C), enacted during the 1997 session of the General Assembly, provides: "A process shall be established by July 1, 1998, to resolve land use classification disputes when a county objects to the proposed land use of an area to be annexed into a municipality within the county."

[2] The city alleged that OCGA §§ 36-36-11 and 36-70-24 (4) (C) violated Art. VI, Sec. I, Par. I (Judicial power of the State vested exclusively in the courts named therein); Art. IX, Sec. II, Par. IV (Governing authority of each county and municipality may adopt plans and exercise zoning power); and Art. IX, Sec. III, Par. I (Intergovernmental contracts). The city served a copy of its answer on the Attorney General of Georgia pursuant to OCGA § 9-4-7 (c), which requires that the Attorney General be served with a copy of the declaratory judgment proceeding in which it is alleged that a state statute is unconstitutional.

ruled[3] that the county commission chairman's letter to the city's mayor was not a valid "bona fide land use classification objection" because the county commission as a whole, not one member thereof, was required to act in order to object to the proposed change in land use contemplated by the annexation and re-zoning; and that even if the commission chairman's letter were construed as a valid objection, the letter voiced only one of the two statutory grounds of objection and no evidence on that ground had been presented to the court. The trial court dissolved the TRO and declined to enter the preliminary injunction the county had sought. The trial court then declared unconstitutional those portions of OCGA §§ 36-36-11 and 36-70-24 (4) (C) which made up a statutory scheme described by the trial court as one in which a county could halt all municipal annexation by objecting; one which did not provide for judicial resolution of an impasse between the objecting county and annexing municipality; one which divested property owners of the "potential alienability and saleability of their property" without a means to resolve the city-county dispute; and one which set up two classes of property (that which sought annexation and re-zoning and that which sought re-zoning only after annexation was successfully completed). A written order dissolving the TRO was entered, and the attorney representing the city was assigned the task of drafting an order setting forth the remainder of the trial court's rulings.

After the TRO was lifted but prior to the entry of the final order, the Attorney General of Georgia sought to intervene in the declaratory judgment action because the city had alleged in its defense that state statutes were unconstitutional. See OCGA § 9-4-7 (c). The Attorney General's motion to intervene was granted and the trial court held a hearing for the presentation of oral argument on the constitutionality of the statutes involved. At that hearing, the trial court orally reiterated its rulings[4] that there was no bona fide land use classification objection and appropriate supporting evidence, and further held that the county commission's August 25 resolution officially endorsing the commission chairman's letter to the city's mayor was not sufficient to change that ruling. The trial court went on to rule that "the process established by the Legislature violates Georgia Constitution Art. IX, Sec. II, Par. IV . . . [because it gives] a county the right to interfere with the internal decisions made by a municipality as to . . . the zoning of property once it becomes a part of the

---

[3] The trial court's written final order, entered September 15, 1998 nunc pro tunc August 31, 1998, incorporated and made its oral rulings, by express reference, a part of the final written order. Copies of the pertinent pages of the hearings' transcripts were attached to and made a part of the final order.

[4] See Footnote 2, supra.

municipality. . . ." The trial court denied the city's other constitutional attacks on the statutes. The Attorney General filed a timely Notice of Appeal, and the City of Marietta filed a cross-appeal. The county has not appealed the trial court's determination that the county did not file a valid bona fide valid land use classification objection, or the denial of injunctive relief.[5]

The Attorney General's initial argument on appeal is procedural: he takes issue with the trial court's act of ruling on the constitutionality of the statutes after it had denied on the merits the injunctive relief the county had sought. Basically, the Attorney General contends that the trial court resolved the actual controversy between the county and the city by holding that the county had not properly invoked the statute which would have delayed the effective date of the city's annexation, and thereby lost jurisdiction to enter a declaratory judgment that the statutes were unconstitutional. The city maintains that the underlying lawsuit was not resolved by the trial court's non-constitutional rulings and that, even if the non-constitutional rulings resolved the actual controversy between the city and county, the "ends of justice" required the trial court to enter a declaratory judgment on the constitutionality of the statutes. See OCGA § 9-4-2 (b). We agree with the Attorney General that the trial court should not have ruled on the petition for declaratory judgment after resolving the dispute between the city and county, and remand the case to the trial court with direction that its rulings on the constitutionality of OCGA §§ 36-36-11 and 36-70-24 (4) (C) be vacated.

1. The Declaratory Judgment Act provides a means by which a superior court "simply declares the rights of the parties or expresses [its] opinion . . . on a question of law, without ordering anything to be done . . . ." *Clein v. Kaplan*, 201 Ga. 396, 403 (40 SE2d 133) (1946). The purpose of the Act is "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." OCGA § 9-4-1. The superior court is authorized to enter a declaratory judgment upon petition therefor in cases of actual controversy (OCGA § 9-4-2 (a)), and "to determine and settle by declaration any justiciable controversy of a civil nature where it appears to the court that the ends of justice require that such should be made for the guidance and protection of the petitioner, and when such a declaration will relieve the petitioner from uncertainty and insecurity with respect to his rights, status, and legal relations." *Calvary*

---

[5] With the un-appealed denial of the county's petition for injunctive relief and the unappealed ruling that the county had not correctly invoked OCGA § 36-36-11 which makes the effectiveness of a municipality's annexation contingent upon the resolution of a county's bona fide land use classification objection, it appears that the annexation has taken place and the annexed land re-zoned by the city.

*&c. Baptist Church v. City of Rome*, 208 Ga. 312 (3) (66 SE2d 726) (1951). However, no declaratory judgment may be obtained "which is merely advisory (*Liner v. City of Rossville*, 212 Ga. 664 (94 SE2d 862) (1956)), or fruitless (*Cook v. Sikes*, 210 Ga. 722 (82 SE2d 641) (1954)), or which merely answers a moot or abstract question. *Shippen v. Folsom*, 200 Ga. 58 (35 SE2d 915) (1945)." Ga. Prac. and Proc. (1998 ed.), § 26-2.

When the trial court turned its attention to the petition for declaratory judgment, it had already resolved the controversy between the county and the city on the annexation and re-zoning of the 16-acre parcel at issue by ruling that the county commission chairman's objection, endorsed by the county commission prior to the entry of final judgment, was not sufficient to invoke the procedure which required resolution of county-city disputes about the annexation prior to the annexation being effective. With that ruling, there no longer existed an "actual controversy" between the city and county regarding the contested annexation and re-zoning. In the absence of an "actual controversy," the trial court could not enter a declaratory judgment pursuant to OCGA § 9-4-2 (a). *Krause v. City of Brunswick*, 242 Ga. 659 (2) (251 SE2d 239) (1978).

Subsection (b) of OCGA § 9-4-2 broadens the scope of the Declaratory Judgment Act beyond actual controversies to include "justiciable controversies." *Calvary &c. Baptist Church v. City of Rome*, supra, 208 Ga. 312 (3). That leaves the question whether there was a "justiciable controversy" which would authorize the trial court to enter a declaratory judgment under § 9-4-2 (b). A declaratory judgment is authorized when there are "circumstances showing [a] necessity for a determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to his alleged rights and which if taken without direction might reasonably jeopardize his interest." *Morgan v. Guaranty Nat. Cos.*, 268 Ga. 343, 344 (489 SE2d 803) (1997). Where the party seeking declaratory judgment does not show it is in a position of uncertainty as to an alleged right, dismissal of the declaratory judgment action is proper (*Krause v. City of Brunswick*, supra, 242 Ga. 659 (3)); otherwise, the trial court will be issuing an advisory opinion, and the Declaratory Judgment Act makes no provision for a judgment that would be "advisory." *King v. Peagler*, 227 Ga. 29 (4) (178 SE2d 897) (1970). Where the rights of the parties have already accrued and the party seeking the declaratory judgment does not risk taking future undirected action, a declaratory judgment would be "advisory." *Newsome v. Brown*, 252 Ga. 421 (314 SE2d 225) (1984). Regardless of when an action reaches the point that it no longer presents a justiciable controversy and presents only a question of academic interest, when it reaches that point, the entry

of a declaratory judgment is not appropriate (*Empire Fire &c. Ins. Co. v. Metro Courier Corp.*, 234 Ga. App. 670 (1) (c) (507 SE2d 525) (1998)), because a court "has no province to determine whether or not a statute, in the abstract, is valid, [cit.], or to give advisory opinions. [Cit.]" *Fourth Street Baptist Church &c. v. Bd. of Registrars*, 253 Ga. 368 (1) (320 SE2d 543) (1984). "Declaratory judgment will not be rendered based on a possible or probable [future] contingency. [Cit.]" *Atlanta Cas. Co. v. Fountain*, 262 Ga. 16, 18 (413 SE2d 450) (1992). Entry of a declaratory judgment under such circumstances is an erroneous advisory opinion which rules in a party's favor as to future litigation over the subject matter and must be vacated. *Mitchell v. W. S. Badcock Co.*, 230 Ga. App. 352 (3) (496 SE2d 502) (1998).

The plaintiff in the declaratory judgment action in the case at bar, Cobb County, is not a party to this appeal and has not asserted that it faces a risk of taking future undirected action. The defendant in the declaratory judgment action, the City of Marietta, has not asserted or demonstrated that circumstances exist which require judicial guidance to protect the city from uncertainty regarding some future act; rather, the city maintains that entry of the declaratory judgment was necessary to give the county the relief it sought in its complaint. In the absence of an actual controversy or circumstances showing a necessity for a determination to guide and protect a party from uncertainty and insecurity with regard to the propriety of some future act or conduct, the trial court erred when it ruled on the portion of the county's petition seeking a declaratory judgment.

2. In its cross-appeal, the city takes issue with the trial court's failure to rule in the city's favor on the city's other attacks, constitutional and non-constitutional, on OCGA §§ 36-36-11 and 36-70-24 (4) (C). To the extent the trial court denied the city's request that it rule on other such attacks, the trial court did not err; to the extent the trial court upheld the statutes against the city's other attacks, those rulings must also be vacated under the rationale set forth in Division 1.

*Judgment vacated in part and case remanded with direction. All the Justices concur.*

DECIDED JUNE 14, 1999.

*Thurbert E. Baker, Attorney General,* pro se.
*Dennis R. Dunn, Deputy Attorney General, Christopher A. McGraw, Kyle A. Pearson, Assistant Attorneys General,* for appellant.
*Jenkins & Nelson, Frank E. Jenkins III, Moore, Ingram, Johnson & Steele, John H. Moore, John K. Moore, Cauthorn & Phillips, Thomas E. Cauthorn III, Melissa M. Nohr, Jenkins & Nelson, Peter*

*R. Olson,* for appellees.
*Walter E. Sumner, James Grubiak,* amici curiae.