A00A1072, A00A1073. SIEG et al. v.
PRICEWATERHOUSECOOPERS, LLP; and vice versa.
(539 SE2d 896)

BLACKBURN, Presiding Judge.

In February 1990, Robert Sieg, Jr., CPA, fell down a set of stairs in his house and died. Since that time, Mrs. Robert M. Sieg, Sr., decedent's mother, and Deborah Sieg Bowen, decedent's sister, have filed several lawsuits in attempts to obtain an ever-increasing portion of the decedent's assets and estate and alleged damages resulting from the handling of the decedent's estate. In the present case decedent's mother and sister appeal the trial court's order granting summary judgment to Lynne Warren Sieg, decedent's wife and plaintiff in the underlying declaratory judgment action. This is the third appearance of cases involving Robert Sieg, Jr.'s estate in our appellate courts. See *Sieg v. Sieg*.[1] In *Sieg v. Sieg*, the Supreme Court of Georgia determined that Mrs. Sieg, Sr. and Bowen, respectively mother and sister to the decedent, had standing to enforce the prenuptial agreement signed by the decedent's wife, Lynne Sieg. The Supreme Court held that the prenuptial agreement "constituted an actual legal settlement under which the rights of the parties vested." (Punctuation omitted.) Id. at 386 (2). The Supreme Court further noted that it con-

---

[31] See *Hodge*, supra; *Smith*, supra.
[1] *Sieg v. Sieg*, 265 Ga. 384 (455 SE2d 830) (1995).

sidered only the issue of standing, not the validity of the prenuptial agreement. Id. at 386, n. 2. *Bowen v. Hunter, Maclean, Exley &c.*[2] In *Bowen*, this Court affirmed the trial court's grant of summary judgment to the attorneys who had represented the decedent's estate and the jury's determination that the prenuptial agreement was invalid. The decedent's mother and sister had sued the law firm for professional malpractice, breach of fiduciary duty, negligence, conspiracy, fraud, and conversion.

The underlying facts are necessary in order to understand the somewhat unusual posture of this case. In 1994, decedent's mother and sister sued decedent's widow contending that she had improperly claimed the assets of the estate because she had waived her rights as an heir at law by virtue of a prenuptial agreement. In that case, the trial court granted partial summary judgment to the widow with regard to the decedent's retirement benefits and 401k plan with the decedent's employer Pricewaterhousecoopers, LLP (PWC). The trial court determined that the widow's rights to the decedent's retirement benefits and 401k plan arose out of contract and not by virtue of her marriage to the decedent and, therefore, the proceeds were not part of the decedent's estate and the widow was entitled to receive the benefits despite the prenuptial agreement. Thereafter, the parties settled the suit by splitting the remaining assets. The trial court's determination regarding the widow's entitlement to the decedent's retirement benefits and 401k plan was never appealed.

Over one and one-half years after settling their suit with the decedent's widow, decedent's mother and sister filed an action in Fulton County against decedent's former employer PWC seeking to recover the decedent's retirement benefits (hereinafter referred to as the Fulton County action). In the Fulton County action, decedent's mother and sister alleged that PWC was aware of the prenuptial agreement by which decedent's widow allegedly waived all rights she would otherwise have obtained in decedent's estate by virtue of her marriage. The Fulton County complaint further alleged that PWC wrongfully and/or negligently paid the retirement benefits to decedent's widow. PWC filed an answer, counterclaim for interpleader, and a third-party complaint against decedent's widow.[3]

In response to the Fulton County action, decedent's widow filed the underlying declaratory judgment action against PWC in Chatham County. Decedent's widow sought a determination as to her rights in the retirement benefits. Decedent's widow also filed a petition for interlocutory injunction seeking to require PWC to continue

---

[2] *Bowen v. Hunter, Maclean, Exley &c.*, 241 Ga. App. 204 (525 SE2d 744) (1999).
[3] The Fulton County action was stayed pending the outcome of the present action in the Chatham County action.

paying the retirement benefits to her. PWC filed a motion to join decedent's mother and sister as indispensable parties and a motion for interpleader in the Chatham County action. The trial court granted PWC's motion to join indispensable parties and joined decedent's mother and sister as involuntary plaintiffs. Thereafter, the trial court granted the widow's motion for summary judgment giving preclusive effect to its previous determination regarding her entitlement to the decedent's retirement benefits. The trial court also denied PWC's motion for interpleader, which ruling is the subject of PWC's cross-appeal, Case No. A00A1073.

## Case No. A00A1072

In Case No. A00A1072, decedent's mother and sister appeal the trial court's order granting summary judgment to decedent's widow regarding her entitlement to the retirement benefits and the denial of their motion to dismiss the complaint.

1. Decedent's mother and sister contend that the trial court lacked subject matter jurisdiction because the widow's action was not a proper declaratory judgment action. They argue that there is no actual or justiciable controversy which is required to support a declaratory judgment action.

The Supreme Court of Georgia recently reiterated that the superior court is authorized to enter a declaratory judgment only in cases of actual controversy. *Baker v. City of Marietta*.[4] See also OCGA § 9-4-2 (a) (grants jurisdiction to superior courts to enter declaratory judgments in cases of actual controversy).

In the present case, the widow's rights to the retirement account had already been established in the earlier Chatham County action brought by the decedent's mother and sister. The filing of the Fulton County action did nothing to create a controversy on that issue. The previous resolution of the widow's rights to the retirement account merely created a defense for the widow to raise against PWC's third-party complaint. Therefore, no "actual controversy" existed between PWC and the widow. "In the absence of an 'actual controversy,' the trial court could not enter a declaratory judgment pursuant to OCGA § 9-4-2 (a). *Krause v. City of Brunswick*, 242 Ga. 659 (2) (251 SE2d 239) (1978)." *Baker*, supra at 214.

Our Supreme Court in *Baker* recognized that the scope of the Declaratory Judgment Act in OCGA § 9-4-2 (b) also includes "justiciable controversies" which is broader than the "actual controversies" language contained in subsection (a). *Baker*, supra. Therefore, we must determine whether a justiciable controversy exists in the pres-

---

[4] *Baker v. City of Marietta*, 271 Ga. 210 (518 SE2d 879) (1999).

ent case in order to justify the underlying declaratory judgment.

> A declaratory judgment is authorized when there are circumstances showing a necessity for a determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to his alleged rights and which if taken without direction might reasonably jeopardize his interest.

(Punctuation omitted.) Id.

The plaintiff in the present declaratory judgment, the widow, cannot assert that she faces a risk of taking future undirected action. She has merely recast her defense to the Fulton County action as a declaratory judgment in an effort to determine whether her defense has merit. The issues before the trial court in the underlying declaratory judgment failed to satisfy the requirements of OCGA § 9-4-2.

> Where the party seeking declaratory judgment does not show it is in a position of uncertainty as to an alleged right, dismissal of the declaratory judgment action is proper; otherwise, the trial court will be issuing an advisory opinion, and the Declaratory Judgment Act makes no provision for a judgment that would be "advisory."

(Citation omitted.) *Baker*, supra at 214.

The trial court erred in failing to grant the motion to dismiss filed by the involuntary plaintiffs.

2. Due to our holding in Division 1, the remaining issues in Case Nos. A00A1072 and A00A1073 are rendered moot.

*Judgment reversed in Case No. A00A1072. Appeal dismissed in Case No. A00A1073. Eldridge and Barnes, JJ., concur.*

DECIDED SEPTEMBER 29, 2000 —
RECONSIDERATION DENIED OCTOBER 16, 2000.

*Ronald C. Berry*, for appellants.

*Alston & Bird, William C. Humphreys, Jr., Cari K. Dawson, Savage, Turner & Pinson, Brent J. Savage, C. Dorian Britt*, for appellee.