## A05A1611. In re ESTATE OF SIEG.
(626 SE2d 577)

Adams, Judge.

This is the fourth appearance of a case involving the estate of Robert Sieg, Jr. in our appellate courts.[1] In the present case, the decedent's sister Deborah Sieg Bowen appeals from the probate court's order denying her motion to remove Lynne Sieg, the decedent's widow, as the administratrix of her husband's estate. We affirm and grant Sieg's motion for frivolous appeal sanctions.

1. Although the probate court ruled that Bowen lacked standing to petition for the removal of Sieg, Bowen makes no argument on appeal that the probate court's ruling on standing was erroneous. Instead, she asserts the probate court should have addressed the merits of her claim that Sieg should be removed based upon a conflict of interest and that this Court should resolve this issue in her favor even though there was no ruling by the court below. We find no merit in this assertion. The probate court did not address the conflict of interest issue in its order. "Without a ruling in this regard, there is nothing for this court to review." (Footnote omitted.) *Pantusco v. Wiley*, 274 Ga. App. 144, 147 (2) (616 SE2d 901) (2005). We further note that based on the probate court's conclusion that Bowen lacked standing, it did not need to address the merits of her conflict of interest claim.

2. In her remaining enumeration of error, Bowen claims the probate court erred by converting a conflict of interest claim into a grant of summary judgment to Sieg on Bowen's pending claims in another court. She fails, however, to support this claim with argument or citation of authority. Moreover, in the section of her brief captioned "standard of review," she states that the trial court's alleged conclusions on the merits of the other case "are irrelevant to the petition and appeal before this Court and therefore can properly be ignored." Because this claim has been abandoned by Bowen, we will not consider it. Court of Appeals Rule 25 (c) (2); *Hush v. State*, 193 Ga. App. 421, 422 (1) (387 SE2d 651) (1989).

3. We grant Sieg's motion for frivolous appeal sanctions because Bowen makes no argument on appeal as to why the trial court's ruling on standing was erroneous. See *Popham v. Garrow*, 275 Ga. App. 499, 500 (2) (621 SE2d 468) (2005); Court of Appeals Rule 15 (b), (c). Accordingly we impose a penalty of $500 against Bowen, and an additional penalty of $500 against her appellate attorney, Ronald

---

[1] See *Sieg v. Sieg*, 265 Ga. 384 (455 SE2d 830) (1995); *Sieg v. Pricewaterhousecoopers, LLP*, 246 Ga. App. 394 (539 SE2d 896) (2000); *Bowen v. Hunter, Maclean, Exley & Dunn*, 241 Ga. App. 204 (525 SE2d 744) (1999) (physical precedent only).

Berry, in favor of Sieg. The trial court is hereby directed to enter judgment in favor of Sieg for these penalties.

4. This is the fourth appearance of Bowen in our appellate courts in her quest "to obtain an ever-increasing portion of the decedent's assets and estate and alleged damages resulting from the handling of the decedent's estate." *Sieg v. Pricewaterhousecoopers, LLP*, 246 Ga. App. 394 (539 SE2d 896) (2000). She has already negotiated a settlement with Sieg in which Sieg relinquished her right to one-half the decedent's estate and Sieg has already obtained a ruling in her favor with regard to her right to obtain the retirement benefits. Id. at 395-396. Bowen's latest action to remove Sieg as administrator relates to her pending lawsuit against Pricewaterhousecoopers for paying the retirement benefits to Sieg, even though her settlement with Sieg provided that Sieg would receive these benefits. Bowen filed this lawsuit over one year after settling with Sieg. Id. at 395. Finally, Bowen's suit against Sieg's attorneys failed after a jury determined that the prenuptial agreement was invalid.

We strongly advise Bowen and her appellate counsel to carefully review whether there is a reasonable basis to bring any further appeals to this Court in connection with Bowen's claims to her brother's estate and assets.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED JANUARY 25, 2006.

*Ronald C. Berry*, for appellant.
*Gannam & Gnann, J. Hamrick Gnann, Jr., Maurice J. Bernard III*, for appellee.