A09A0625. U. S. A. GAS, INC. et al. v. WHITFIELD COUNTY, GEORGIA et al.

(681 SE2d 658)

BERNES, Judge.

Whitfield County brought a complaint for declaratory judgment against U. S. A. Gas, Inc. and Arthur S. Watkins (the "defendants") seeking a declaration of the parties' rights with respect to a 30,000-gallon liquefied petroleum gas tank operated by U. S. A. Gas on Watkins's property. Pursuant to the consent of the parties, the trial court allowed the defendants' neighboring property owner, Stephan Fromm, to intervene as a party plaintiff. Based on a stipulated set of exhibits and the arguments of the parties, the trial court found that (i) it was authorized to issue a declaratory judgment, (ii) the County's zoning ordinance barred the defendants' installation and use of the tank, and (iii) the license issued to U. S. A. Gas by the Safety Fire Commissioner did not afford the defendants a vested right to use the tank. On appeal, the defendants argue that a

declaratory judgment was not appropriate because the County did not oppose their installation and use of the petroleum gas tank. They further argue that the trial court erred in ordering the removal of the tank from the property. We affirm for the reasons set forth below.

> The [trial] court is the trier of fact in a bench trial, and its findings will be upheld on appeal if there is any evidence to support them. The plain legal error standard of review applies where the appellate court determines that the issue was of law, not fact.

(Punctuation and footnotes omitted.) *Page v. Braddy*, 255 Ga. App. 124, 126 (564 SE2d 538) (2002).

So viewed, the evidence shows that in December 1994, an engineer with the State of Georgia's Safety Fire Commissioner approved U. S. A. Gas's plans to construct a liquefied petroleum gas storage tank, subject to completion of a fire safety analysis. The Whitfield County Fire Department completed the fire safety analysis of the 30,000-gallon tank in 1995. The analysis found that the tank was "located in a heavily populated area such that, in a worst case scenario explosion, damage to person[s] and property would be substantial." That same year, following completion of the fire safety analysis, the Safety Fire Commissioner refused U. S. A. Gas's application for a liquefied petroleum gas facility license, a decision we upheld in *Safety Fire Commr. v. U. S. A. Gas*, 229 Ga. App. 807 (494 SE2d 706) (1997). The Safety Fire Commissioner, however, ultimately issued a license to U. S. A. Gas to engage in bulk storage and distribution of liquid petroleum gas in 2003.

The following year, the County filed a complaint for declaratory judgment. According to the complaint, the County had the power to challenge the use and operation of the tank, and concerned neighbors had demanded that the County take enforcement action. The County further alleged that defendants' tank operation "putatively violate[d] the current zoning ordinance," but that the defendants had asserted a vested right to use the tank. The County asserted the existence of an actual controversy between the County and the defendants, and prayed for the court to declare whether the defendants had gained vested rights in the continuation of their alleged nonconforming use of the tank.

In their answer, the defendants alleged that they had "persisted and received requisite approval in 2003 to make said tank operational" without objection by the County. The defendants further alleged that they had a vested right to use the tank as desired in light of their substantial expenditures in order to comply with the law.

Stephan Fromm, a neighboring property owner, moved for

mandatory joinder as a party plaintiff in the declaratory judgment action pursuant to OCGA § 9-11-19 (a) (2). Fromm opposed the defendants' installation and use of the tank on their property, contending that the tank violated the County's zoning ordinance and that the defendants did not have a vested right to use the tank. By consent of the parties, the trial court granted Fromm's motion to intervene.

The trial court subsequently granted the County's complaint for declaratory judgment. In its order, the trial court found that the property on which the tank was located was currently zoned C-2, general commercial.[1] The trial court also found that although bottle gas storage and distribution was permitted in C-2, storage tanks in excess of 6,000 gallons were not permitted. In addition, the trial court found that even if the property had been zoned as M-1, light manufacturing, or M-2, heavy manufacturing, the defendants had failed to apply for and obtain the necessary special use permit for installation and use of a bulk petroleum product storage tank. Finally, the trial court found that the safety license ultimately obtained from the state expressed only the view of the Safety Fire Commissioner that the tank was safe to operate, and did not allow U. S. A. Gas to place the tank in a C-2 zone or create any vested rights in the property.

1. Defendants claim that the trial court erred in granting a declaratory judgment because "the County did not formally oppose [their] actions and was merely attempting to appease Fromm." We disagree.

Under the Declaratory Judgment Act, OCGA § 9-4-1 et seq.,

> superior courts are entitled to enter declaratory judgment to determine and settle by declaration any justiciable controversy of a civil nature where it appears to the court that the ends of justice require that such should be made for the guidance and protection of the petitioner, and when such a declaration will relieve the petitioner from uncertainty and insecurity with respect to his rights, status, and legal relations.

(Citation omitted.) *Sierra Craft v. T. D. Farrell Constr.*, 282 Ga. App. 377, 379 (1) (638 SE2d 815) (2006). "Where the party seeking declaratory judgment does not show it is in a position of uncertainty as to an alleged right," the dismissal of a declaratory judgment is

---

[1] The parties stipulated that the portion of the defendants' property on which the tank was located was zoned Residential-2 from December 14, 1993 through September 13, 1999, when it was re-zoned C-2.

proper to avoid issuance of an advisory opinion. (Citation omitted.) *Sieg v. PricewaterhouseCoopers, LLP*, 246 Ga. App. 394, 397 (1) (539 SE2d 896) (2000). "Declaratory judgment will not be rendered based on a possible or probable future contingency." (Citation and punctuation omitted.) *Baker v. City of Marietta*, 271 Ga. 210, 215 (1) (518 SE2d 879) (1999). Furthermore,

> [f]or a controversy to justify the making of a declaration, it must include a right claimed by one party and denied by the other, and not merely a question as to the abstract meaning or validity of a statute. There can be no justiciable controversy unless there are interested parties asserting adverse claims upon a state of facts which have accrued.

(Citation omitted.) *Pilgrim v. First Nat. Bank of Rome*, 235 Ga. 172, 174 (219 SE2d 135) (1975). In applying these principles, courts must be mindful that the Declaratory Judgment Act "is to be liberally construed and administered." OCGA § 9-4-1.

The trial court correctly concluded that declaratory relief was available to the County. It is true that the County in its petition and pleadings did not formally oppose the installation and use of the defendants' tank.[2] But Fromm, also a party plaintiff, opposed the installation and use of the tank and was an interested party whose interests were adverse to the defendants. In turn, the County was in a position of uncertainty and insecurity as to whether it should pursue an enforcement action against the defendants, and faced and continues to face a potential lawsuit from neighboring property owners if the County were to fail to enforce its zoning ordinance. See generally *Massey v. Butts County*, 281 Ga. 244 (637 SE2d 385) (2006) (discussing standing to attack or enforce a zoning determination). Because there was a bona fide dispute over the applicability of the County's zoning ordinance and over whether the defendants had vested rights to use the tank, and since the County was in a position of uncertainty as to its legal rights, a declaratory judgment was authorized. See *City of Atlanta v. Hotels.com*, 285 Ga. 231, 235 (674 SE2d 898) (2009) (applicability of city's hotel tax ordinance was appropriate for resolution by declaratory judgment); *Cobb County v. Ga. Transmission Corp.*, 276 Ga. 367, 368 (4) (578 SE2d 852) (2003) (declaratory judgment was proper to resolve constitutionality of ordinance prohibiting utility's construction of electrical transmission lines).

2. The defendants also contend that the trial court erred in

---

[2] The defendants' characterization of the County's action as a vehicle for Fromm's "personal vendetta" is simply speculation.

ordering that they remove the tank from the premises. But following defendants' motion for a new trial, the trial court concluded that it was inappropriate to order removal of the tank in the context of a declaratory judgment and revised its order accordingly. Since the trial court's order, as revised, did not order the tank to be removed, the defendants' claim of error is moot. See *Smith v. State*, 294 Ga. App. 692, 710 (10) (l) (670 SE2d 191) (2008).

3. It does not appear that the defendants have otherwise challenged the merits of the trial court's decision on appeal. To the extent that the defendants' reference to OCGA § 24-4-27 and equitable estoppel in their appellate brief infers an argument that the County is estopped from enforcing its zoning ordinance, we note that, as a general rule, "equitable estoppel cannot interfere with the County's governmental zoning function."[3] *Harrell v. Little Pup Dev. &c.*, 269 Ga. 143, 144-145 (2) (498 SE2d 251) (1998). The defendants also appear to assert that their compliance with other, unspecified local regulations and ordinances entitled them to install and use the tank. However, they fail to articulate any flaw in the trial court's analysis of the County's zoning ordinance, or demonstrate any error in the trial court's conclusion that their installation and use of the tank violated the zoning ordinance. The defendants' arguments challenging the trial court's judgment thus afford no basis for reversal.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JULY 9, 2009.

*Gregory H. Kinnamon*, for appellants.
*McCamy, Phillips, Tuggle & Fordham, Robert H. Smalley III, Todd M. Johnson*, for appellees.

---

[3] "Pursuant to Court of Appeals Rule 25 (a) (3), an appellant must support enumerations of error with argument and citations of authority, and mere conclusory statements are not the type of meaningful argument contemplated by Rule 25 (a) (3)." (Citation and punctuation omitted.) *Jones v. State*, 289 Ga. App. 219, 221 (1), n. 1 (656 SE2d 556) (2008). See *All Fleet Refinishing v. West Ga. Nat. Bank*, 280 Ga. App. 676, n. 2 (634 SE2d 802) (2006). Because the defendants' argument in their brief is general and conclusory, our analysis is as well.