74856. WEST v. JUDICIAL COUNCIL OF GEORGIA.

(363 SE2d 176)

MCMURRAY, Presiding Judge.

James R. West (plaintiff), an official court reporter for the Fulton County Superior Court, brought a declaratory judgment action against the Judicial Council of Georgia (judicial council), seeking a determination as to the meaning of regulatory rules, promulgated by the judicial council, which "[p]rovide for and set the fees to be charged by all official court reporters in [Georgia] . . ." OCGA § 15-5-21 (a) (1). These rules are known as the "Court Reporters' Fee Schedule." This appeal followed the superior court's order granting the judicial council's motion for summary judgment. *Held*:

"Section 1 of the Georgia Declaratory Judgments Act (Ga. L. 1945, p. 137)[, OCGA § 9-4-2 (a) and (b),] provides that in cases of 'actual controversy' the superior courts shall have power to 'declare rights' and other legal relations of 'any interested party' petitioning for such declaration, whether or not further relief is, or could be,

---

prayed." *Brown v. Lawrence,* 204 Ga. 788, 790 (51 SE2d 651). However, an action for declaratory relief may not stand where there does not exist a "justiciable dispute" or controversy between parties with "adverse" interests and where it is apparent that the petitioner is merely seeking judicial advice. See *Brown v. Lawrence,* 204 Ga. 788, supra; *Pennsylvania Threshermen &c. Ins. Co. v. Gardner,* 107 Ga. App. 472 (130 SE2d 507); and *Hatcher v. Ga. Farm &c. Ins. Co.,* 112 Ga. App. 711, 715 (3) (146 SE2d 535).

In the case sub judice, the pleadings show that there is a difference of opinion between plaintiff and the judicial council as to the proper interpretation of the "Court Reporters' Fee Schedule." However, there is no indication that an "actual controversy" exists between plaintiff and the judicial council with regard to "adverse" claims upon a state of facts which has accrued. While plaintiff may have a general economic interest jeopardized by the judicial council's position in this matter, "there must be an effort to apply the opinion to a plaintiff's particular case in order to place him within the range of a justiciable controversy essential to a declaratory judgment." Borchard on Declaratory Judgments, p. 53.

"16 Am.Jur., 331, § 61, states as follows: 'Failure to name as defendant one with sufficient adverse interest in the subject of the litigation is a jurisdictional defect. Persons interested on one side only of the controversy are not sufficient parties, although they may disagree as to the law.' See also Borchard on Declaratory Judgments (2d ed.), 39." *Brown v. Lawrence,* 204 Ga. 788, 792-793, supra. Consequently, in the case sub judice, since the record indicates that there is no adverse interest between plaintiff and the judicial council within the meaning of the Declaratory Judgments Act, neither this court nor the trial court has jurisdiction to consider any aspect of plaintiff's petition for declaratory relief.

*Appeal dismissed. Sognier and Beasley, JJ., concur.*

DECIDED NOVEMBER 18, 1987.

*Louis Levenson,* for appellant.
*Michael J. Bowers, Attorney General, Emily P. Hitchcock, Staff Assistant Attorney General,* for appellee.