## A00A0922. BURTON v. COMPOSITE STATE BOARD OF MEDICAL EXAMINERS.
### (538 SE2d 501)

RUFFIN, Judge.

Physician Charles H. Burton filed a complaint seeking, among other things, a declaratory judgment as to whether a rule of the Composite State Board of Medical Examiners prohibited him from providing medical treatment to his wife if he also engaged in a sexual relationship with her. The trial court dismissed the complaint on the grounds that a ruling on this question would be an advisory opinion. Burton appeals. Because the trial court ruled correctly, we affirm.

The record shows that, on May 13, 1998, the Board initiated disciplinary proceedings against Burton, accusing him of engaging in acts of sexual intimacy with a patient — other than his wife — in violation of Board Rule 360-2-.09 (i). That rule provides that

[t]he Board has the authority to . . . discipline a physician licensed in Georgia if that physician has engaged in unprofessional conduct. For the purpose of the implementation and enforcement of this rule, unprofessional conduct is defined as, but not limited to, practicing in or aiding the following: . . . Commission of any act of sexual intimacies, abuse, misconduct or exploitation related to the licensees' practice of medicine.[1]

Acting through the Office of State Administrative Hearings, the Board served Burton with notice that a hearing would be held before an administrative law judge to resolve the matter. Burton and the Board tried to settle the matter without a hearing, but apparently failed.[2]

Burton then filed a complaint for declaratory judgment against the Board in superior court, alleging that Rule 360-2-.09 (i) was unconstitutionally vague, overbroad, and unreasonable. Burton sought "a declaration of his rights and the lawful obligations and responsibilities of the State" with respect to Rule 360-2-.09 "in order that he may be able to properly defend himself" in the administrative proceeding. The Board moved to dismiss the complaint, arguing that the rights of the parties had already accrued due to the administrative action and that Burton did not face the risk of future harm.

After the Board filed the motion to dismiss, Burton amended his complaint to add an allegation that he did not know whether Rule

---

[1] Ga. Admin. Code Rule 360-2-.09 (i).

[2] After Burton filed a petition in superior court to enforce a tentative settlement agreement between the parties, the court stayed the administrative proceedings.

360-2-.09 (i) would prohibit him from providing medical treatment to his wife if he also engaged in sexual intimacies with her. Accordingly, Burton also sought a declaratory judgment to answer that question.

After holding a hearing on the matter, the trial court granted the Board's motion to dismiss. As to Burton's claims regarding the administrative disciplinary action, the court ruled that Burton had to exhaust his administrative remedies before pursuing a declaratory judgment and that his constitutional claims could be raised in the administrative proceeding and reviewed by a superior court following an adverse final agency decision. As to Burton's claims regarding his wife, the court ruled that there was no evidence that the Board intended to prosecute Burton for rendering medical treatment to his wife, so any ruling on that issue would be an advisory opinion and would usurp the right of the Board to interpret its own rules.

On appeal, Burton argues that the trial court erred by dismissing his amended declaratory judgment complaint challenging the validity of Rule 360-2-.09 (i) as it relates to potential medical treatment of his wife.[3] We agree with the trial court that a ruling on this issue would be an impermissible advisory opinion.

The Declaratory Judgment Act is intended "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations."[4] Declaratory relief is not available unless there is an actual, justiciable controversy between the parties.[5] The controversy cannot be merely "hypothetical, abstract, academic or moot."[6] As our Supreme Court has ruled,

> [f]or a controversy to justify the making of a declaration, it must include a right claimed by one party and denied by the other, and not merely a question as to the abstract meaning or validity of a statute. There can be no justiciable controversy unless there are interested parties asserting adverse claims upon a state of facts which have accrued.[7]

"Declaratory judgment will not be rendered based on a possible or probable future contingency" because such a ruling would be "an erroneous advisory opinion."[8]

---

[3] Burton does not appeal the court's dismissal of his original complaint challenging the validity of the rule as it relates to the pending administrative proceeding.

[4] OCGA § 9-4-1.

[5] OCGA §. 9-4-2 (a); *Baker v. City of Marietta*, 271 Ga. 210, 213 (1) (518 SE2d 879) (1999).

[6] (Punctuation omitted.) *Bd. of Trustees &c. v. Kenworthy*, 253 Ga. 554, 557 (322 SE2d 720) (1984).

[7] (Citation omitted.) *Pilgrim v. First Nat. Bank &c.*, 235 Ga. 172, 174 (219 SE2d 135) (1975).

[8] (Punctuation omitted.) *Baker*, supra at 215.

Applying these principles here, we conclude that declaratory relief is not available. Burton has not alleged that he is currently providing medical treatment to his wife, or that he plans to provide such treatment in the future, or even that he *wants* to do so.[9] Moreover, there is no evidence that the Board has interpreted or would interpret Rule 360-2-.09 (i) to preclude a physician from rendering medical care to a spouse. And, as Burton's attorney conceded in the trial court, there is no indication that the Board has sought to discipline Burton — or any other physician — for doing so. Thus, the issues raised in Burton's amended complaint are purely hypothetical. As there is no justiciable controversy, any judicial ruling on the proper construction or constitutionality of Rule 360-2-.09 (i) with respect to the provision of medical treatment to a spouse would be merely advisory.[10]

Burton argues that his complaint is authorized by OCGA § 50-13-10 (a), which provides:

> The validity of any [agency] rule . . . may be determined in an action for declaratory judgment when it is alleged that the rule . . . or its threatened application interferes with or impairs the legal rights of the petitioner. A declaratory judgment may be rendered whether or not the petitioner has first requested the agency to pass upon the validity of the rule . . . in question.

Under that statute, "the state has consented to suit in actions alleging necessity of a declaratory judgment on validity of rules of state agencies."[11] Even so, declaratory judgment actions brought under § 50-13-10 "shall be in accordance with Chapter 4 of Title 9, relating to declaratory judgments."[12] Thus, the requirement remains that there must be a justiciable controversy between the parties. Put another way, § 50-13-10 does not allow advisory opinions; it simply permits the State to be sued in an otherwise proper declaratory judgment action involving the validity of an agency rule.

Because there was no justiciable controversy here, the trial court

---

[9] Burton has alleged that he has provided medical treatment to his wife in the past.

[10] Compare *Thomas v. Ga. Bd. of Dentistry*, 197 Ga. App. 589 (398 SE2d 730) (1990) (dentist could properly bring declaratory judgment action where attorney general had issued opinion that certain procedures performed by dentist were unlawful; dentistry board had adopted the opinion; and board had sent dentist a letter advising that "future performance of any of the enumerated procedures would be viewed as grounds for . . . the initiation of administrative proceedings against your license to practice dentistry in this state") (punctuation omitted).

[11] *Ga. State Bd. of Dental Examiners v. Daniels*, 137 Ga. App. 706, 707 (1) (224 SE2d 820) (1976).

[12] OCGA § 50-13-10 (c).

properly dismissed Burton's amended complaint.[13]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED AUGUST 18, 2000.

*George W. McGriff, Eric E. Wyatt,* for appellant.

*Bodker, Ramsey & Andrews, Stephen C. Andrews, Thurbert E. Baker, Attorney General, Robert S. Bomar, Deputy Attorney General, Janet B. Wray, Senior Assistant Attorney General, Emily P. Hitchcock, Wendy Goodwin, Assistant Attorneys General,* for appellee.

---

[13] In light of our decision, we need not address Burton's second enumeration of error or the Board's motion to dismiss that enumeration.