## A01A1068. BOARD OF NATURAL RESOURCES et al. v. MONROE COUNTY et al.

(556 SE2d 834)

ELLINGTON, Judge.

The Georgia Department of Natural Resources, Environmental Protection Division (EPD), and other named parties (collectively "DNR")[1] appeal the order of the superior court denying their motion to dismiss or, in the alternative, motion for summary judgment. DNR alleges that Monroe County, the Monroe County Board of Commissioners, and the Development Authority of Monroe County (collectively "Monroe County") lack standing and capacity to bring an action for declaratory judgment in opposition to DNR rule changes. DNR also contends the challenge is not ripe for adjudication. We granted this interlocutory application to consider whether the trial court properly denied the motion. Because we find that Monroe County lacks standing to challenge the DNR rules at issue, we reverse.

Under the Georgia Air Quality Act, OCGA § 12-9-1 et seq., and the Federal Clean Air Act, 42 USC § 7504, Georgia is required to attain ambient air quality standards.[2] Georgia law provides that as a matter of public policy, the State will undertake measures "to preserve, protect and improve air quality and to control emissions to prevent the significant deterioration of air quality and to attain and maintain ambient air quality standards so as to safeguard the public health, safety, and welfare consistent with providing for maximum employment and full industrial development of the state." OCGA § 12-9-2. The Atlanta metropolitan area, including Cherokee, Clayton, Cobb, Coweta, DeKalb, Douglas, Fayette, Forsyth, Fulton, Gwinnett, Henry, Paulding, and Rockdale Counties, has failed either to attain or to maintain the national ambient air quality standard for ozone and is thus designated as an "Ozone Non-Attainment Area." EPD designated the 32-county area surrounding metropolitan Atlanta, which includes Monroe County, an "Area of Influence." EPD's research indicated that emissions from the Area of Influence

---

[1] Appellants are the Board of Natural Resources of the Department of Natural Resources; the Department of Natural Resources; EPD; Lonice C. Barrett, in his official capacity as Commissioner of Natural Resources; and Harold F. Reheis, in his official capacity as Director of EPD.

[2] The national ambient air quality standard for ozone is based on the expected number of days per year with a one hour concentration of 0.12 ppm (parts per million) or greater. For an area to achieve attainment the average number of days above the standard within that area must be equal to or less than one (1), for three consecutive years. This means that if an ozone monitoring site measures four days above standard in a year, that site will be in violation even if no readings above standard are measured during the next two years.
State Implementation Plan for the Atlanta Ozone Non-Attainment Area, § 1.1

contributes to the development of ozone within the Non-Attainment Area. Based on these findings, DNR's Board of Natural Resources amended EPD rules[3] to further restrict emissions of nitrogen oxide (NOx) and other volatile compounds from the Area of Influence. These rules ban outdoor burning and regulate boilers, gas and electric turbines, and gas depots which dispense certain types of gasoline.[4]

Monroe County sought declaratory, injunctive, and equitable relief against DNR and challenged nine[5] of the amended rules. Monroe County contends DNR failed to comply with the Georgia Administrative Procedure Act, OCGA § 50-13-4 (a), before adopting the amended rules;[6] DNR violated a provision of the Federal Clean Air Act requiring consultation with local officials in the planning, developing, or revision of the State Implementation Plan (SIP);[7] and the new rules will deter economic growth in Monroe County.

DNR filed a motion to dismiss or, in the alternative, a motion for summary judgment, contending Monroe County lacked standing and capacity to sue and there was no actual or justiciable controversy ripe for adjudication, thus making the issuance of a declaratory judgment improper. The trial court denied DNR's motion, finding that Monroe County, as a county within the area affected by the rules, had standing to sue. This appeal followed.

The trial court, in ruling on the motion, considered a stipulation of facts filed by the parties, a matter outside the pleadings. Consequently, the motion was properly treated as one for summary judgment, and we review the order appealed as a denial of a motion for summary judgment. See *Cox Enterprises v. Nix,* 273 Ga. 152, 153

---

[3] Rules of the Georgia Department of Natural Resources, Environmental Protection Division for Air Quality Control, Chapter 391-3-1.

[4] DNR Rules 391-3-1-.02 (2) (bbb), (jjj), (lll), (mmm); 391-3-1-.02 (5); 391-3-1-.03 (6) (b) 11; 391-3-1-.03 (8) (c) 15, (e); 391-3-1-.03 (13).

[5] After Monroe County filed its original complaint, the Board of Natural Resources adopted additional revisions or amendments to the rules. Seven of the rules, rules 391-3-1-.02 (2) (tt), (vv), (yy), (ccc), (ddd), (eee), and (hhh), were amended to exclude Monroe County from the compliance area. However, two amended rules, 391-3-1-.03 (8) (c) 15 and 391-3-1-.03 (13) were added. Monroe County subsequently amended its complaint to reflect the rule exclusions and additions.

[6] Monroe County contends the notice provided by DNR did not clearly identify the rule or rules to be amended as required by OCGA § 50-13-4 (a) (1); DNR failed to give interested persons reasonable opportunity to submit materials in opposition to the rule amendments and failed to fully consider any submitted materials as required by OCGA § 50-13-4 (a) (2); DNR did not reduce the economic impact of the rules on small businesses as required by OCGA § 50-13-4 (a) (3); and, in formulating and adopting the rule amendments, DNR failed to choose a less expensive alternative which could have achieved the same regulatory goals as required by OCGA § 50-13-4 (a) (4).

[7] EPD is required to submit a SIP to the United States Environmental Protection Agency to demonstrate control strategies adequate to meet federal ozone standards in Ozone Non-Attainment Areas.

(538 SE2d 449) (2000). In reviewing the grant or denial of a motion for summary judgment, this Court gives the opposing party the benefit of all reasonable doubt and construes the evidence, and all inferences and conclusions that arise from the evidence, most favorably to the opposing party. *City of Lithia Springs v. Turley*, 241 Ga. App. 472, 473 (526 SE2d 364) (1999); *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843) (1988).

1. In its first enumeration of error, DNR contends the trial court erred in finding that Monroe County has standing to challenge the administrative rules at issue because its legal rights are not impaired by the threatened application of those rules. Specifically, DNR argues that Monroe County's asserted rights are speculative, generalized economic interests contingent on hypothetical future events. In other words, its rights are based upon the *possibility* of lost industrial development or jobs and the *possibility* of lost revenue or taxes. We agree.

The Georgia Administrative Procedure Act provides that "[t]he validity of any rule . . . may be determined in an action for declaratory judgment when it is alleged that the rule . . . or its threatened application interferes with or impairs the legal rights of the petitioner." OCGA § 50-13-10 (a). Further, "[a]ctions for declaratory judgment . . . shall be in accordance with Chapter 4 of Title 9 [the Declaratory Judgment Act]." OCGA § 50-13-10 (c). Under the Act, the superior courts are empowered to declare the rights of interested parties "[i]n cases of actual controversy," OCGA § 9-4-2 (a), and to determine and settle any justiciable controversy with respect to the civil litigants' "rights, status, and other legal relations." OCGA § 9-4-1. *Higdon v. City of Senoia*, 273 Ga. 83, 85 (1) (538 SE2d 39) (2000); *Baker v. City of Marietta*, 271 Ga. 210, 213 (1) (518 SE2d 879) (1999). There can be no justiciable controversy "unless there are interested parties asserting adverse claims upon a state of facts which have accrued." (Citation omitted.) *Pilgrim v. First Nat. Bank &c.*, 235 Ga. 172, 174 (219 SE2d 135) (1975). To establish a legal interest sufficient to maintain standing under the Declaratory Judgment Act, a party must show that his rights are in direct issue or jeopardy. *Burton v. Composite State Bd. of Med. Examiners*, 245 Ga. App. 587, 588-589 (538 SE2d 501) (2000). The party must show that the facts are complete and that the interest is not merely academic, hypothetical, or colorable, but actual. Id. at 588. "Declaratory judgment will not be rendered based [upon] a possible or probable future contingency because such a ruling would be an erroneous advisory opinion." (Punctuation and footnote omitted.) Id.

The record reveals that Monroe County challenged a total of nine DNR rules on the ground that they interfere with or impair its legal rights. However, Monroe County admits that it neither owns nor

operates sources subject to seven[8] of the nine challenged rules. Consequently, Monroe County has no protectible legal rights with respect to those seven rules. *Burton*, 245 Ga. App. at 588. However, Monroe County does claim that it operates sources that are threatened or impaired by the application of two rules, both of which become effective in April 2003: the Gasoline Marketing Rule, 391-3-1-.02 (2) (bbb), and the Open Burning Rule, 391-3-1-.02 (5). Monroe County claims it uses open burning as one possible means of clearing the land when it builds roads. It also claims ownership of a fuel depot. DNR points out, however, that any alleged economic consequences to those county sources from these amended rules are speculative.

At best, Monroe County has shown that these two contested DNR rules *may* have a *future* economic effect upon the county. For example, as a seller of gasoline within the meaning of Rule 391-3-1-.02 (bbb), the county will be required to sell only low sulfur gasoline. As a result, the county may have to pay more for gasoline from its vendors and that cost increase may be passed through to its consumers, which include the Board of Education, the Monroe County Mental Retardation Center, and the Older Americans Council. Whether such cost increases come to pass, however, is uncertain. Whether the county absorbs any future costs or passes them on to consumers has yet to be determined. Similarly, if the county clears land to build new roads, it may or may not choose to burn the resulting debris. The open burning rule only prohibits outdoor burning from May to September, during which time the county may decide not to build roads. Whether the burning ban results in the county using more expensive means of debris disposal remains, therefore, speculative.

Monroe County has not demonstrated that the application of the amended rules will actually adversely affect its interests in any immediate or certain way. Although a Monroe County Commissioner submitted an affidavit explaining that the new rules regulating NOx emissions from stationary gas turbines and engines for electricity generation are more restrictive and, therefore, may deter some investment in the county, there was no evidence that the new rules had actually done so. Monroe County has not shown that the new rules will interfere with or impair the county's use of its land and jeopardize its rights to carry out express and implied statutory duties, entitling it to bring a declaratory judgment action under OCGA § 50-13-10. Consequently, the only interest Monroe County

---

[8] DNR Rules 391-3-1-.02 (jjj), (lll), (mmm); 391-3-1-.03 (6) (b) 11; 391-3-1-.03 (8) (c) 15, (e); 391-3-1-.03 (13).

claims is harmed by the rules is a generalized economic interest that is contingent upon future events. Such interests are not legally protectible interests. See *Burton*, 245 Ga. App. at 588; *Patterson v. State of Ga.*, 242 Ga. App. 131, 132-133 (528 SE2d 884) (2000); *West v. Judicial Council of Ga.*, 184 Ga. App. 894, 895 (363 SE2d 176) (1987). For this reason, Monroe County lacks standing to challenge the rules at issue. Consequently, the trial court erred in denying DNR's motion for summary judgment.

2. Our decision in Division 1, supra, renders Monroe County's remaining enumeration moot.

*Judgment reversed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 26, 2001 — 

*Thurbert E. Baker, Attorney General, Robert S. Bomar, Deputy Attorney General, Isaac Byrd, Senior Assistant Attorney General, Timothy J. Ritzka, Diane L. DeShazo, Assistant Attorneys General, Owen, Gleaton, Egan, Jones & Sweeney, David C. Will*, for appellants.

*Vaughn, Wright & Stearns, James A. Vaughn, Frederick L. Wright II*, for appellees.