A08A2173. BAILEY et al. v. CITY OF ATLANTA.
(675 SE2d 564)

DOYLE, Judge.

H. E. Bailey and 23 other plaintiffs filed suit against the City of Atlanta, opposing the potential installation of sidewalks on their street. The plaintiffs specifically sought injunctive relief, a declaratory judgment, and damages. The parties filed cross-motions for summary judgment, and the trial court granted summary judgment to the City and denied the plaintiffs' motion. The plaintiffs appeal, and we affirm, for reasons that follow.

We review a trial court's ruling on a motion for summary judgment de novo, giving the nonmovant the benefit of all reasonable doubt and construing the evidence, and all inferences and conclu-

sions that arise therefrom, most favorably to the nonmovant.[1] So viewed, the record demonstrates that in 2000, the City raised money for certain capital projects — including, inter alia, the construction of sidewalks — through the sale of General Obligation Public Improvement Bonds also known as "Quality of Life Bonds," which were approved by city voters in a referendum. The City Council later voted to allocate the Quality of Life Bond funds equally to each of 12 council districts, resulting in the allocation of $9.4 million to Council District 8, which includes Blackland Road (the street where the plaintiffs live). After the City Council appropriated the funds, the individual council offices decided how to spend the money in their districts "in conjunction with" the Department of Planning & Development, the Department of Public Works, and "requests from various civic associations"; the City Council was not required to approve the individual expenditures. In 2005, the council office for District 8 began discussions with constituents regarding the possibility of constructing sidewalks on Blackland Road using the funds from the Quality of Life Bonds. The idea was met with both support and opposition.

On September 23, 2005, the plaintiffs filed suit against the City, alleging that the sidewalk installation project

> will bulldoze some driveways, destroy some custom mailboxes, destroy some old hardwood trees, destroy various sprinkler systems, destroy landscape plants, and devalue and harm other property, by installing sidewalks on a street whose neighbors oppose them by 52%. . . .

The plaintiffs specifically alleged that the City's actions in permitting the individual councilmembers to use their portion of the Quality of Life Bond funds at their discretion, without approval of the City Council, was illegal and constituted improper ultra vires activity.[2] The plaintiffs sought a declaratory judgment and an injunction prohibiting the installation of sidewalks on Blackland Road and the City's practice of allocating funds to individual council districts to be spent at the discretion of the councilmember without approval of the City Council. In the alternative, the plaintiffs sought damages resulting from the installation of the sidewalks and damages "to the taxpayers of Atlanta equal to slush funds and unapproved spending

---

[1] See *Bd. of Natural Resources of Ga. v. Monroe County*, 252 Ga. App. 555, 557 (556 SE2d 834) (2001); *City of Lithia Springs v. Turley*, 241 Ga. App. 472, 473 (526 SE2d 364) (1999).

[2] The plaintiffs also alleged that the use of "Abandonment Funds" — consisting of money collected from developers after they abandoned streets at the conclusion of projects and placed in a "general city sidewalk trust fund" — was similarly illegal.

under the Quality of Life Bond and other funds, requiring each City Council district member to repay all funds so spent within the discretion of each individual City Council district member." The plaintiffs also asserted an inverse condemnation claim based on the damage to their property, alleging that the damage deprived them of property without due process.

On October 31, 2005, the trial court entered an order — based in part "upon the representation by the City of Atlanta that it ha[d] not adopted a plan to install sidewalks on Blackland Road" — enjoining the City from disturbing property on Blackland Road for the purpose of constructing sidewalks. On November 3, 2005, Clair Muller, the councilmember for District 8, sent a letter to the residents on Blackland Road, stating that "[t]he Blackland sidewalk project has no overwhelming support in either direction from the residents on the street[, and] therefore[,] it will not be pursued."

The plaintiffs moved for summary judgment, and the City filed a cross-motion for summary judgment. In support of its motion, the City filed, inter alia, the affidavit of the program manager for the City's Department of Public Works, stating that

> the preliminary planning process for the construction of sidewalks on Blackland Road has been discontinued. No funding has been assigned for the construction of sidewalks on Blackland Road. . . . No plans, surveys, studies or other process is currently active which would cause any disturbance of any land on Blackland Road for the purpose of constructing any sidewalks.

The City also submitted the affidavit of Councilmember Muller, in which she states that plans for the construction of sidewalks on Blackland Road "have been withdrawn," and that "[t]o [her] knowledge[,] no plans for the construction of sidewalks on Blackland Road [are] active in the Department of Public Works."

Following a hearing, the trial court granted summary judgment to the City and denied the plaintiffs' motion, and this appeal followed.

1. The plaintiffs allege that the trial court erred in granting summary judgment to the City as to their claims regarding the installation of the sidewalk project on their street. We disagree.

First, because the City never began construction on the proposed sidewalk installation project, the plaintiffs' inverse condemnation claim fails as a matter of law. The Georgia Constitution provides that "private property shall not be taken or damaged for public purposes

without just and adequate compensation being first paid."[3] Here, the plaintiffs have provided no evidence that the City took or damaged their property, and it is undisputed that the City has not "interfered with their right to use, enjoy, and dispose of their property."[4] Accordingly, the trial court properly granted summary judgment on this claim.

Similarly, because the City never began construction of the sidewalks and has asserted that it has no plans to do so, the trial court properly granted summary judgment to the City as to the plaintiffs' claim for a declaratory judgment. Under Georgia's Declaratory Judgment Act, superior courts have the power to declare the rights of interested parties "[i]n cases of actual controversy."[5] "The purpose of [the Act] is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. . . ."[6]

> There can be no justiciable controversy unless there are interested parties asserting adverse claims upon a state of facts which have accrued. To establish a legal interest sufficient to maintain standing under the Declaratory Judgment Act, a party must show that his rights are in direct issue or jeopardy. The party must show that the facts are complete and that the interest is not merely academic, hypothetical, or colorable, but actual.[7]

> Declaratory judgment will not be rendered based on a possible or probable future contingency. Entry of a declaratory judgment under such circumstances is an erroneous advisory opinion which rules in a party's favor as to future litigation over the subject matter and must be vacated.[8]

Here, the plans for the installation of sidewalks on Blackland Road were withdrawn, and the City has no current plans to construct sidewalks on the street. Thus, any declaratory judgment would be based on a future *possible* event, which would constitute an imper-

---

[3] Ga. Const. of 1983, Art. I, Sec. III, Par. I (a).

[4] *Duffield v. DeKalb County*, 242 Ga. 432, 434 (2) (249 SE2d 235) (1978).

[5] OCGA § 9-4-2 (a).

[6] OCGA § 9-4-1.

[7] (Citations and punctuation omitted.) *Bd. of Natural Resources of Ga.*, 252 Ga. App. at 557 (1).

[8] (Citation and punctuation omitted.) *Baker v. City of Marietta*, 271 Ga. 210, 215 (1) (518 SE2d 879) (1999).

missible advisory opinion.[9] The plaintiffs assert, however, that this issue must be considered as a controversy capable of repetition yet evading review. We disagree. Although it is possible that the City will consider constructing sidewalks on Blackland Road sometime in the future, the plaintiffs have failed to establish how the issue would evade judicial review.[10] It follows, therefore, that the trial court did not err in granting summary judgment to the City as to the plaintiffs' claims regarding the sidewalk installation.

2. The plaintiffs also argue that the trial court erred in granting summary judgment to the City as to their claim that the City illegally allows the individual council districts to choose how to spend their portion of the Quality of Life Bond funds, and that such actions are ultra vires. This enumeration provides no basis for reversal.

As an initial matter, we note that the plaintiffs do not cite a single case in support of their argument that the City's actions are ultra vires. Instead, they argue that the City's allocation procedures regarding the Quality of Life Bond funds violate the Atlanta City Code. However, the plaintiffs have not shown that they refer to certified copies of the ordinances upon which they rely or that the ordinances are otherwise properly before this Court. We cannot take judicial notice of municipal ordinances; instead, "they must be alleged and proved by production of the original or of a properly certified copy."[11] Because the ordinances were not properly made a part of the record, we cannot consider the plaintiffs' arguments based thereon.[12] The plaintiffs bear "the burden of showing harmful error on appeal, and [they] must show this by the record, not merely by assertions appearing in their briefs or enumerations of error. This [they have] also failed to do."[13]

For the foregoing reasons, we affirm the trial court's order granting summary judgment to the City as to this claim.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED MARCH 17, 2009.

*Bird, Loechl, Brittain & McCants, Wendell R. Bird, Decker,*

---

[9] See id.; *Bd. of Natural Resources of Ga.*, 252 Ga. at 558-559 (1).

[10] See *Daniels v. Price Communications Wireless, Inc.*, 254 Ga. App. 559, 561 (1) (562 SE2d 844) (2002) (trial court properly dismissed plaintiff's claims as moot because, although they were capable of repetition, they would not evade review).

[11] (Punctuation omitted.) *Latimore v. City of Atlanta*, 289 Ga. App. 85, 86 (2) (656 SE2d 222) (2008).

[12] See id.; *Prime Home Properties, LLC v. Rockdale County Bd. of Health*, 290 Ga. App. 698, 701 (1) (660 SE2d 44) (2008).

[13] *Prime Home Properties, LLC*, 290 Ga. App. at 701 (1).

*Hallman, Barber & Briggs, Robert D. Feagin*, for appellants.
*Lemuel H. Ward*, for appellee.