**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**January 27, 2015**

# In the Court of Appeals of Georgia

A14A2262. BRENDE v. BRENDE.

MCFADDEN, Judge.

This is an interlocutory appeal from an order in a Georgia divorce proceeding in which the trial court, among other things, ruled that he lacked jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), OCGA §§ 19-9-40 et. seq., to decide the custody of an unborn child. The trial court assumed that the child would be born in Oregon and therefore deemed Oregon the child's home state. See OCGA § 19-9-41 (7) (defining "home state" of child); OCGA § 19-9-61 (a) (providing that child's home state is primary factor in establishing court's jurisdiction over initial child custody determination). We vacate the jurisdictional ruling, because the trial court's anticipatory determination of the unborn child's home state was advisory, and we remand the case to the trial court to reconsider his jurisdiction of the

child custody issues in the divorce given the existing circumstances in this case. (We do not address the other ruling in the trial court's order, because that ruling has not been challenged on appeal.)

1. *Procedural history.*

The record shows that on March 6, 2014, Matthew James Brende (the father) filed a complaint for divorce from Qynne Marie Brende (the mother). Among other things, the father alleged that he and the mother both were Georgia residents, that the mother had left Georgia one month earlier and currently was living in Oregon, that the mother was pregnant, and that the child was expected to be born in mid-May 2014. As part of the divorce proceedings, the father sought sole legal and physical custody of the unborn child.

In her answer, the mother challenged the trial court's jurisdiction over the custody determination. After holding a hearing and receiving memoranda of law on the jurisdiction issue, the trial court, on May 1, 2014, ruled that "assuming the parties' child is born in Oregon as anticipated, Oregon will have exclusive jurisdiction over the issue of custody." We granted the father's request for interlocutory review of this ruling.

2. *Events that occurred after the trial court's May 1 ruling.*

2

As an initial matter, we note that the father has made representations in the statement of facts section of his brief about events after entry of the ruling on appeal. Specifically, he represents that a female child was born to the mother in Oregon after the trial court's ruling and that, upon the child's birth, Oregon's Department of Child Protective Services took custody of her and subsequently placed her in the father's custody. Evidence of these events was not – indeed could not have been – before the trial court at the time of his ruling, and the mother correctly notes that we cannot consider these events in deciding whether the trial court erred in his May 1 ruling. "It is an ancient and honored tenet of law that we do not take evidence from the briefs of the parties, we do not get evidence from outside the record, and we do not accept assertions of fact or evidence which were not before the trial court." *Farmer v. State*, 216 Ga. App. 515, 522 (1) (455 SE2d 297) (1995) (citing *Culberson v. Fulton-DeKalb Hosp. Auth.*, 201 Ga. App. 347, 351 (411 SE2d 75) (1991)). Nevertheless, as indicated in Division 4, infra, the possibility that events subsequent to his order could affect the trial court's jurisdiction over the custody issues underlies our decision to remand this case for further consideration by the trial court.

3. *The trial court's May 1 jurisdictional ruling must be vacated because it was an advisory ruling.*

3

The trial court recognized that he "arguably should defer deciding whether jurisdiction to determine custody is present, since there is no child whose custody is in dispute." He nevertheless acquiesced to the parties' request that he "decide the issue to enable them to determine what course of action to pursue in the future" and approached the issue as a request for declaratory relief. But a "[d]eclaratory judgment will not be rendered based on a possible or probable future contingency. Entry of a declaratory judgment under such circumstances is an erroneous advisory opinion which rules in a party's favor as to future litigation over the subject matter and must be vacated." *Baker v. City of Marietta*, 271 Ga. 210, 215 (1) (518 SE2d 879) (1999) (citations and punctuation omitted). See also, e.g., *Bethel v. Fleming*, 310 Ga. App. 717, 724 (3) (713 SE2d 900) (2011) (trial court's holding that if magistrate judges failed to comply with its ruling, they could be subject to complaint to Judicial Qualifying Commission was erroneous advisory opinion because it was based on future contingency), rev'd on other grounds sub nom *Leitch v. Fleming*, 291 Ga. 669 (732 SE2d 401) (2012); *Bailey v. City of Atlanta*, 296 Ga. App. 679, 682-683 (1) (675 SE2d 564) (2009) (plaintiff was not entitled to declaratory judgment based on possibility that in future city would install sidewalks on road). Because the trial court's jurisdictional ruling was based on a future contingency – the child's birth in

4

a state other than Georgia – it was an advisory opinion and, accordingly, we vacate that ruling.

4. *The trial court should reconsider his jurisdiction under the current state of facts.*

The father argues that, at the time of the trial court's May 1 ruling, the trial court could have and should have exercised jurisdiction over the custody issues, but the mother argues that a court cannot have jurisdiction over the custody of an unborn child under the UCCJEA. This apparently presents an issue of first impression in Georgia, although some other jurisdictions have held that the UCCJEA does not authorize a court to exercise jurisdiction over an unborn child. See, e.g., *In re Sarah Ashton McK. v. Samuel Bode M.*, 111 AD3d 474, 475 (N. Y. 2013); *Waltenburg v. Waltenburg*, 270 SW3d 308, 316-318 (Tex. App. 2008). But if the child has now been born, as the father alleges and the mother does not dispute, then we would be issuing an advisory opinion if we addressed the trial court's jurisdiction over the custody of an unborn child. See generally *Huff v. Harpagon Co.*, 286 Ga. 809, 811 (2) (692 SE2d 336) (2010) (Georgia appellate courts cannot render advisory opinions). Instead of ruling on that issue, we remand the case for the trial court to reconsider his jurisdiction in light of the current state of facts regarding the child's birth and other

5

subsequent events relevant to a court's exercise of jurisdiction under the UCCJEA. See, e.g., OCGA § 19-9-41 (7) (including in definition of child's "home state" a requirement that child under six months of age have lived in the state from birth with a parent or person acting as a parent); OCGA § 19-9-64 (authorizing exercise of temporary emergency jurisdiction over child custody where necessary to protect child and addressing procedure going forward when child also is subject of child custody proceeding brought in another state).

*Judgment vacated in part and case remanded with direction. Andrews, P. J., concurs;  Ray, J., concurs in the judgment only.*