**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**July 22, 2021**

# In the Court of Appeals of Georgia

A21A0833. GEORGIACARRY.ORG. INC. et al. v. BORDEAUX, JR. et al.

MERCIER, Judge.

This is the second appearance of this case before this Court. GeorgiaCarry.Org, Inc. ("GeorgiaCarry"), Shane Montgomery, and William Theodore Moore, III, (collectively "GCO") appeal from a trial court order dismissing their complaint against Thomas C. Bordeaux, Jr., a Chatham County Probate Court judge. For the following reasons, we affirm in part and reverse in part.

As set forth in our prior opinion, the underlying facts are as follows.

On April 27, 2018, [GCO] filed a complaint seeking a writ of mandamus and declaratory relief against Bordeaux in the Superior Court of Chatham County. In the complaint, [GCO] alleged that the maximum amount of time allowed by law for processing a weapons carry license application is thirty-five days; that Bordeaux routinely does not process

weapons carry licenses for GeorgiaCarry's members and other residents of Chatham County within thirty-five days of the filing of the application or within ten days of receiving the background report; and that by failing to process weapons carry licenses within the time allowed by law, Bordeaux is violating OCGA § 16-11-129 (d) (4). [GCO] further alleged that on October 13, 2017, Montgomery applied for a weapons carry license with Bordeaux; that on February 2, 2018, Moore applied for a weapons carry license with Bordeaux; and that neither Moore nor Montgomery had been issued weapons carry licenses at the time the complaint was filed. However, Moore and Montgomery both received their weapons carry licenses at some point before August 7, 2018.

Bordeaux filed a motion to dismiss [and GCO filed a motion for partial judgment on the pleadings]. After a hearing on the motion on August 7, 2018, the trial court dismissed the case.

*GeorgiaCarry.Org v. Bordeaux*, 352 Ga. App. 399, 400 (834 SE2d 896) (2019) (punctuation omitted) (*Bordeaux I*).[1]

GCO appealed the dismissal, and on October 22, 2019, this Court issued an opinion affirming the trial court's finding that (1) because Moore and Montgomery

---

[1] In his answer to GCO's complaint, Bordeaux asserted that to whatever extent he, in his capacity as judge, "has failed to process Georgia Weapons Carry License applications in a manner consistent with applicable law as alleged in the Complaint, his failure to do so is the result of the failure and refusal of the Board of Commissioners of Chatham County to provide full and proper[ ] funding, including for both personnel and space, for the operation of the Court."

2

had received their Georgia weapons carry license (carry permit), their request for a writ of mandamus was moot, (2) GeorgiaCarry is not an authorized person to bring a mandamus action, and (3) sovereign immunity bars GCO's request for declaratory relief against Bordeaux in his official capacity. *Bordeaux I*, supra at 399-403 (1) - (3). However, we held that the trial court erred in holding that there is no claim against Bordeaux in his individual capacity. Id. at 403-404 (4). We also noted that while the trial court found Moore and Montgomery's request for a writ of mandamus moot, it did not find their claim for declaratory judgment moot, nor did it determine whether GeorgiaCarry has standing to seek a declaratory judgment. Id. at 401 (1) and (2).

Following this Court's opinion in *Bordeaux I*, GCO filed a second motion for judgment on the pleadings, and Bordeaux renewed his motion to dismiss. The trial court held a hearing on the matter involving only the argument of counsel. On December 9, 2020, the trial court entered an order dismissing the complaint, thereby denying GCO's motion for judgment on the pleadings. The court dismissed the complaint on two grounds: (1) GCO's claim against Bordeaux in his individual capacity fails because Bordeaux had no authority to issue carry permits in his individual capacity, and (2) because Moore and Montgomery were issued their permits, there was no longer an actual controversy and a ruling would merely be

3

advisory. GCO now appeals, asserting that the trial court erred in granting Bordeaux's motion to dismiss and in denying its motion for judgment on the pleadings.

As we explained in *Bordeaux I*, "[w]e review a trial court's grant of a motion to dismiss under a de novo standard. A motion to dismiss may be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his claim." Supra at 400 (citation and punctuation omitted).

1. GCO first argues that the trial court erred in dismissing the complaint on the ground that Bordeaux had no authority to issue carry permits in his individual capacity. GCO asserts that the trial court "essentially nullified" this Court's holding in *Bordeaux I*. We agree.

In the September 2018 dismissal order, the trial court ruled that GCO's claims against Bordeaux in his individual capacity were improper because Bordeaux issues carry permits in his judicial capacity, not in his individual capacity. We rejected that ruling in *Bordeaux I*.[2] Supra at 403-404 (4). Nevertheless, the trial court in the December 2020 order granted Bordeaux's motion to dismiss on the ground that

---

[2] Neither party sought certiorari in our Supreme Court from our decision in *Bordeaux I*.

4

Bordeaux had no authority to issue carry permits in this individual capacity. Because our prior decision on this issue was binding upon the trial court, the court erred in granting Bordeaux's motion to dismiss on this ground. See *Ross v. State*, 344 Ga. App. 477, 479 (1) (810 SE2d 645) (2018) (this Court's earlier decision in same action was law of the case); OCGA § 9-11-60 (h) ("[A]ny ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be."); see generally *Fortson v. Hardwick*, 297 Ga. App. 603, 604-605 (1) (677 SE2d 784) (2009) (where this Court ruled in prior appeal that party was not entitled to bad faith attorney fees, party's subsequent action for those fees was barred).

2. GCO asserts that the trial court erred in dismissing the action because no actual controversy exists with regard to Moore and Montgomery. Declaratory judgment proceedings, like this one, are governed by the Declaratory Judgment Act, which provides:

> In cases of *actual controversy*, the respective superior courts of this state and the Georgia State-wide Business Court shall have power, upon petition or other appropriate pleading, to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed; and the declaration shall have

5

the force and effect of a final judgment or decree and be reviewable as such. OCGA § 9-4-2 (a).

*City of Atlanta v. Atlanta Independent School System*, 307 Ga. 877, 879 (838 SE2d 834) (2020) (punctuation omitted; emphasis in original). Further,

> [s]ubsection (b) of OCGA § 9-4-2 broadens the scope of the Declaratory Judgment Act beyond actual controversies to include "justiciable controversies" . . . A declaratory judgment is authorized when there are circumstances showing a necessity for a determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to his alleged rights and which if taken without direction might reasonably jeopardize his interest. Where the party seeking declaratory judgment does not show it is in a position of uncertainty as to an alleged right, dismissal of the declaratory judgment action is proper; otherwise, the trial court will be issuing an advisory opinion, and the Declaratory Judgment Act makes no provision for a judgment that would be advisory.

*Baker v. City of Marietta*, 271 Ga. 210, 214 (1) (518 SE2d 879) (1999) (citations and punctuation omitted). "Accordingly, declaratory relief is proper only where the party seeking such relief faces some uncertainty or insecurity as to rights, status, or legal relations, *upon which its future conduct depends*." *SJN Properties v. Fulton County*

6

*Bd. of Assessors*, 296 Ga. 793, 802-803 (2) (b) (iii) (770 SE2d 832) (2015) (emphasis supplied).

Here, Moore and Montgomery face no uncertainty or insecurity as to any of *their own* future conduct, but rather seek a declaration on an issue that will impact the future conduct of Bordeaux. See *SJN Properties*, supra at 802-803 (2) (b) (iii). They urge that they have a continuing interest in the carry permit process because their permits are only valid for five years, and they will have to apply again when that time period expires. While a party "may not seek a declaratory judgment where no 'actual controversy' exists between the relevant parties, a party has standing to pursue a declaratory action where the threat of an injury in fact is actual and imminent, not conjectural or hypothetical." *Women's Surgical Center v. Berry*, 302 Ga. 349, 351 (1) (806 SE2d 606) (2017) (citations and punctuation omitted). But Moore and Montgomery face no imminent or actual threat of an injury. And whether, in a few years, they will again apply for carry permits and whether Bordeaux will again issue them untimely (or whether Bordeaux's stated reason for the untimeliness will still exist), are hypothetical questions based on possible future events. See *Strong v. JWM Holdings*, 341 Ga. App. 309, 315 (2) (800 SE2d 380) (2017) ("[D]eclaratory judgment will not be rendered based on a possible or probable future contingency

7

because such a ruling would be an erroneous advisory opinion." (citations and punctuation omitted)).

GCO argues further that while the trial court did not use the word "moot" in its ruling, it essentially concluded that Moore and Montgomery's request for a declaratory judgment was moot in light of Bordeaux's issuance of the carry permits. And they assert that the issue here presents a "classic case" of the exception to the mootness doctrine – a matter that is capable of repetition yet evading review. See *Babies Right Start v. Ga. Dept. of Public Health*, 293 Ga. 553, 556-557 (2) (c) (748 SE2d 404) (2013). GCO claims that there is little chance of having a claim adjudicated in the future because the probate judge would just rush their applications through after they file an action, rendering their case "moot every time."

"[M]ootness is an issue of jurisdiction and thus must be determined before a court addresses the merits of a claim." *Barrow v. Raffensperger*, 308 Ga. 660, 666 (2) (b) (842 SE2d 884) (2020). However, the question of whether Moore and Montgomery are entitled to declaratory relief is a separate question from whether their claim for declaratory relief is moot. It is true that declaratory relief is not available where the controversy is moot, but it is also not available for hypothetical, possible or probable future contingencies. See *Burton v. Composite State Bd. of Med.*

8

*Examiners*, 245 Ga. App. 587, 588 (538 SE2d 501) (2000). And again, Moore and Montgomery's claim is based upon acts in the future that may or may not occur. Such possible future contingencies cannot be the basis of a request for a declaratory judgment. See *Strong*, supra at 315 (2) (claim for declaratory relief premature and not ripe for adjudication where party sought ruling regarding the viability of future lawsuit); *Brende v. Brende*, 330 Ga. App. 556, 557-558 (3) (768 SE2d 531) (2015) (physical precedent only) (because there was no child whose custody was in dispute, trial court's ruling on jurisdiction to determine custody was based on future contingency and advisory).

We therefore affirm the trial court's grant of the motion to dismiss Moore and Montgomery's request for declaratory judgment on the ground that a ruling would be advisory.[3]

3. We found in *Bordeaux I* that although GeorgiaCarry was seeking a declaratory judgment, the trial court's September 2018 dismissal order "made no finding as to whether GeorgiaCarry had standing to seek a declaratory judgment."

---

[3] While it appears that the trial court granted the motion to dismiss because the controversy was moot rather than based upon a hypothetical or future contingency, we will affirm the court if it is right for any reason. See *Little v. Fleet Financial*, 224 Ga. App. 498, 503-504 (1) (481 SE2d 552) (1997).

9

Supra at 401 (2). And in its December 2020 dismissal order, the court again made no finding regarding GeorgiaCarry's standing.[4] Because in Division 1 we reverse the trial court's dismissal of the complaint as to all plaintiffs on one ground, but in Division 2 we affirm the dismissal as to only Moore and Montgomery on a different ground, GeorgiaCarry's request for a declaratory judgment remains pending.

*Judgment affirmed in part and reversed in part. Dillard, P. J., and Colvin, J., concur.*

---

[4] The trial court erroneously concluded in the order that the only claim remaining for its consideration following *Bordeaux I* was Moore and Montgomery's claim for declaratory relief.